JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-09004-RGK-SS | Date | November 7, 2019 |
|---|---|---|---|
| Title | *The Bank of New York Mellon v. Kenneth Kain* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

On October 18, 2019, Defendant Kenneth Kain ("Defendant"), representing himself in pro se, removed this action from state court.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, *et seq*. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

As to federal question, the Court's careful review of the Notice of Removal indicates that Bank of New York Mellon ("Plaintiff") filed an action for unlawful detainer. It does not appear from the Notice of Removal that Plaintiff's Complaint sets forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Accordingly, any removal based on federal question jurisdiction is improper.

As to diversity jurisdiction, Defendant appears to assert that the amount in controversy is satisfied because the sales price of the subject property exceeds $75,000. But "[i]n unlawful detainer actions [ ] the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing, L.P. v. Villegas*, No. C 10–05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011); *see also Wells Fargo Bank, NA v. Hunt*, No. C–10–04965 JCS, 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011) (holding that property value is not considered when calculating the amount in controversy in unlawful detainer actions); *U.S. Bank, N.A. v.*

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-09004-RGK-SS | Date | November 7, 2019 |
|---|---|---|---|
| Title | *The Bank of New York Mellon v. Kenneth Kain* | | |

*Trimmer*, No. 2:14-CV-09766-ODW, 2015 WL 1541406, at *3 (C.D. Cal. Apr. 7, 2015) (same). Because Defendant has not established that the Complaint meets the jurisdictional threshold, Defendant's removal based on diversity jurisdiction is improper.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer  _____